IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NEOLOGY, INC., :<br>:<br>Plaintiff, :<br>:<br>v. :<br>:<br>FEDERAL SIGNAL CORPORATION, :<br>FEDERAL SIGNAL TECHNOLOGIES, :<br>LLC, and SIRIT CORP., :<br>:<br>Defendants. : | C. A. No. 11-672-LPS-MPT |

**MEMORANDUM ORDER**

**I.   INTRODUCTION**

    **A.   Procedural Background**

Neology, Inc. ("plaintiff") filed a complaint against Federal Signal Corporation, Federal Signal Technologies, LLC, and Sirit Corp. (collectively "defendants") on July 29, 2011, claiming infringement of six of its patents.[1] On June 18, 2012, the court issued a Report and Recommendation which denied plaintiff's motion for preliminary injunction, but agreed, in part, with its proposed preliminary claim construction.[2] Following adoption of the Report and Recommendation by the Honorable Leonard P. Judge Stark on August 2, 2012,[3] plaintiff moved for leave to file a motion for partial summary judgment of infringement regarding U.S. Patent No. 7,081,891 ("the '891 patent") and

---

[1] D.I. 1.
[2] D.I. 94.
[3] D.I. 125.

U.S. Patent No. 7,671,746 ("the '746 patent").[4]  Leave is required as a scheduling order entered on July 27, 2012, provides "no case dispositive motions may be filed at a time before" November 4, 2013, "[u]nless the Court directs otherwise."[5]  Defendants filed their response on August 24, 2012, opposing the motion,[6] and plaintiff filed its reply on September 4, 2012.[7]

### B.     Positions of the Parties

Plaintiff bases its request for leave to file an early partial summary judgment motion prior to the date in the July 27, 2012 scheduling order on the fact "the Court already ruled that Neology established a likelihood of infringement regarding Claim 1 of [the '819 Patent] and Claim 16 of [the '746 Patent]."[8]  Additionally, plaintiff argues no additional evidence or argument merits reconsideration of construction of those claims because "[a]ny such evidence was already presented to, and subsequently rejected by, the Court"[9] in the briefing and hearing on Neology's motion for preliminary injunction. Plaintiff emphasizes that allowing the partial summary judgment motion will purportedly "narrow[] the claims and issues . . . for further discovery and trial,"[10] which serves judicial economy and avoids needless, duplicative expenses to the parties.[11]

Defendants respond asserting plaintiff has shown no valid reason for an early consideration of partial summary judgment, and "[d]oing so would be inefficient, and

---

[4] D.I. 133.
[5] D.I. 116 at ¶ 10.
[6] D.I. 139.
[7] D.I. 144.
[8] D.I. 133 at 1.
[9] *Id.* at 2.
[10] *Id.* at 3.
[11] *Id.* at 2.

would derail the case schedule."[12]  They also contend the motion is a veiled "end-run around the controlling case law," by resting on the "false premise that the case is done with respect to claim construction and infringement issues for these two patents."[13]

In countering defendants' arguments, plaintiff contends:  (1) the motion for partial summary judgment will not cause undue delay;[14] (2) it will not require a full-blown *Markman* hearing;[15] (3) defendants failed to articulate what new arguments or discovery they need to oppose plaintiff's motion;[16] and (4) the motion will narrow legal issues, purportedly resulting in saving judicial resources and reducing expensive, duplicative, discovery.[17]

## II.  ANALYSIS

Both parties place great emphasis on the effect of the preliminary claim construction adopted by the court in the June 18, 2012 Report and Recommendation.[18] Plaintiff maintains the court "preliminarily ruled on claim construction and infringement matters," in which it agreed with plaintiff's proposed construction on certain terms.[19] Therefore, plaintiff propounds "[d]efendants cannot offer any additional evidence that would warrant modification of the Court's construction,"[20] which would result in genuine factual disputes of infringement of claim 1 of the '819 patent and claim 16 of the '746

---

[12] D.I. 139 at 1.
[13] *Id.* at 3.
[14] D.I. 144 at 1.
[15] *Id.* at 2.
[16] *Id.* at 3.
[17] *Id.* at 4.
[18] D.I. 94.
[19] D.I. 133 at 2.
[20] *Id.*

3

patent.[21]   Although the court did adopt plaintiff's proposed construction as to certain terms for the purpose of the preliminary injunction, "a conclusion of law such as claim construction is subject to change upon the development of the record after a district court's decision on a motion for preliminary injunction."[22]  "[T]he trial court is free to revisit an initial claim construction adopted for preliminary injunction, recognizing that a preliminary construction made *without full development* of the record or issues should be open to revision."[23]  Additionally, "[a]fter discovery the court expects the parties to refine the disputed issues and learn more about the claim terms and technology, at which point a more accurate claim construction can be attempted."[24]  The Report and Recommendation acknowledged this consideration, stating the "constructions given to disputed claim terms at the preliminary injunction stage may be tentative and be altered later."[25]

Also mitigating the effect of the adopted claim construction, the standard employed at the preliminary injunction stage is far less stringent than what a plaintiff must prove at trial.  To obtain a preliminary injunction, the moving party must only establish "reasonable likelihood on the merits,"[26] whereas at trial, it is plaintiff's burden

---

[21] *Id.* at 3.
[22] *Pfizer, Inc. v. Teva Pharms. USA, Inc.*, 429 F.3d 1364, 1377 (Fed. Cir. 2005) (citing *Jack Guttman, Inc. v. Kopykake Enters., Inc.*, 302 F.3d 1352, 1361 (Fed. Cir. 2002)).
[23] *SanDisk Corp. v. Memorex Prods., Inc.*, 415 F.3d 1278, 1291 (Fed. Cir. 2005) (emphasis added).
[24] *Id.*
[25] D.I. 94 at 15 (citations omitted).
[26] *Hybritech, Inc. v. Abbott Labs.*, 849 F.2d 1446, 1451 (Fed. Cir. 1988).

"of proving infringement by a *preponderance of the evidence*."[27]  This difference underscores the fact that "[t]he purpose of a preliminary injunction in a patent infringement suit . . . is *not* finally to determine the ultimate rights of the parties, but rather to protect their respective rights pending the final disposition of the litigation."[28]  In moving for leave to file a motion for partial summary judgment in the wake of the court's decision, plaintiff is attempting to use the preliminary injunction process for the same purpose the court explicitly warned against.

As a result of the limited effect of claim construction during the preliminary injunction stage, the court doubts the alleged time and resource saving benefits advanced by plaintiff.  Instead, defendants may seek a revision of the claim term and "offer other additional claim construction and non-infringement arguments during the merits phase."[29]  Also, any partial summary judgment proceeding at this stage would likely be subject to objection after decision, thereby introducing additional steps which serve only to prolong the life of this action.  The more efficient approach is to allow the case to proceed in accordance with the scheduling order, which was carefully negotiated between parties a mere three weeks before the filing of the motion currently under consideration.

"The purpose of a scheduling order is to provide concrete deadlines on which the

---

[27] *Hughes Aircraft Co. v. United States*, 717 F.2d 1351, 1361 (Fed. Cir. 1983) (emphasis added).

[28] *Superior Electric Co. v. Gen. Radio Corp.*, 194 F. Supp. 339, 347 (D.N.J. 1961), *aff'd*, 321 F.2d 857 (3d Cir. 1963) (emphasis added).

[29] D.I. 139 at 6.

parties can rely in planning their respective litigation strategies."[30] Taking into account all relevant considerations, the court does not find the good cause necessary to modify the scheduling order as currently entered.[31] Instead, the agreed upon order calling for case dispositive motions to be filed on November 4, 2013 will control. By that time, the parties will have ample opportunity to address summary judgment for all patents at issue.

## III. ORDER

Therefore, for the reasons contained herein, plaintiff's motion for leave to file motion for partial summary judgment of infringement (D.I. 133) is DENIED.

Date: September 21, 2012                   /s/ Mary Pat Thynge
                                           UNITED STATES MAGISTRATE JUDGE

---

[30] *McLaughlin v. Diamons State Port Corp.*, C.A. 03-617-GMS, 2004 WL 2958664, at *4 (D. Del. Dec. 21, 2004).
[31] *See* FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").